UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DIONNE CHARLES and MCKENNIE CHARLES,

                Plaintiffs,                   **ORDER**
                                                17-cv-2524 (LDH) (RLM)

        -against-

COSTCO WHOLESALE CORPORATION,

                Defendant.
-----------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

      On May 3, 2017, United States Chief Magistrate Judge Roanne L. Mann issued a sua sponte Report and Recommendation recommending that this action be remanded to the Supreme Court of New York, Kings County. (*See* R. & R., ECF No. 5.) The parties were afforded fourteen (14) days to file objections. On May 17, 2017, Defendant filed a timely objection. (*See* Def.'s Obj., ECF No. 11.) When a timely objection has been made to any portion of a report and recommendation on a dispositive matter, the district court reviews the report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

      At the time Chief Magistrate Mann issued the Report and Recommendation, the Court had before it only Defendant's Notice of Removal (ECF No. 1), attached to which were Plaintiffs' Verified Complaint (ECF No. 1-2), Defendant's Answer (ECF No. 1-3), and a series of emails between defense counsel and Plaintiffs' counsel, in which Plaintiffs' counsel indicated that it was "fine with [him]" if Defendant wanted to remove to federal court (ECF No. 1-4). Notably, the Complaint did not contain an *ad damnum*. Based on the information before the Court at the time of Chief Magistrate Judge Mann's Report and Recommendation, there was no apparent basis for diversity jurisdiction. (*See* R. & R. 3 (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994)) ("Where, as here, 'the jurisdictional amount is not

1

clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.").)  Subsequent to Chief Magistrate Mann's issuance of the Report and Recommendation, Plaintiffs supplied the Court with a written damages demand in the amount of $10,000,000 (*see* Response to Request for Ad Damnum, ECF No. 6-1), which Defendant in turn affixed to its objection (*see* Def.'s Obj. 2).[1]

To satisfy the amount-in-controversy requirement, a defendant must show a "reasonable probability" that the claim is for more than the jurisdictional amount.  *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994); *Foschi v. United States Swimming, Inc.*, 916 F. Supp. 232, 241 (E.D.N.Y. 1996).  Only where it "appear[s] to a legal certainty that the claim is really less than the jurisdictional amount" can the court dismiss an action for lack of subject matter jurisdiction.  *Saint Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288-89 (1938); *see A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991); *see also Certain Underwriters at Lloyd's London v. Art Crating, Inc.*, No. 12-CV-5078, 2014 WL 123488, at *7 (E.D.N.Y. Jan. 10, 2014) ("Exceptions exist where a court might consider jurisdictional facts not alleged in pleadings served at the time of removal").  "Where the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record."  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).  This is all the more appropriate when plaintiffs are prohibited from including a monetary demand in their complaint.  *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010) (citing N.Y. C.P.L.R. §

---

[1] Plaintiffs' written damages demand was also filed separately by Plaintiffs on May 17, 2017.  (*See* Response to Request for Ad Damnum, ECF No. 6-1.)

3017(c)) ("New York's rules of civil procedure prohibit a plaintiff from pleading a specific monetary demand in [cases] where the complaint alleges personal injury.").

In the instant case, consistent with New York's rules of civil procedure, Plaintiffs' complaint does not make a specific monetary demand. Plaintiffs' subsequent written damages demand clarifies, however, that Plaintiffs seek damages in the amount of $10,000,000. (*See* Def.'s Obj. 2.) "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by plaintiff controls if the claim is apparently made in good faith." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 115 (2d Cir. 2002). There has been no evidence presented to the Court to suggest that Plaintiffs' damages demand is not made in good faith. As such, Defendant has shown by a preponderance of the evidence that there is a reasonable probability that Plaintiffs' claim exceeds $75,000. Accordingly, the Court declines to adopt Chief Magistrate Judge Mann's recommendation that this action be remanded to the state court.

Dated: July 20, 2017  
      Brooklyn, New York

SO ORDERED:

    /s/ LDH  
LASHANN DEARCY HALL  
United States District Judge